UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT BLOM,<br><br>　　　　　Defendant. | 4:20-CR-40051-KES-1<br><br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE<br>AND DENYING AS MOOT MOTION<br>FOR APPOITNMENT OF ATTORNEY |

Defendant, Robert Blom, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions and requesting appointment of counsel. Docket 84. Plaintiff, the United States of America, opposes Blom's motion. Docket 86. For the following reasons, Blom's motion for a sentence reduction is denied and his motion for appointment for an attorney is denied as moot.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the

court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

On February 26, 2024, Blom filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines. Docket 84. He cites amendments related to "zero-point offenders," as well as those related to "status points." *Id.* at 1. Because it is not clear which provision Blom relies upon, the court will analyze his motion under both amendments.

## I.     U.S.S.G. § 4A1.1(e)

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

2

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies

retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Blom did not receive any "status points" for committing his offense while

under any criminal justice sentence. *See generally* Docket 65. Thus, the

amendment to U.S.S.G. § 4A1.1(e) does not apply to his case.

## II.      U.S.S.G § 4C1.1

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines,

the Sentencing Commission added an adjustment for certain zero-point

offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant
> did not receive any criminal history points from Chapter Four, Part
> A; (2) the defendant did not receive an adjustment under § 3A1.4
> (Terrorism); (3) the defendant did not use violence or credible
> threats of violence in connection with the offense; (4) the offense
> did not result in death or serious bodily injury; (5) the instant
> offense of conviction is not a sex offense; (6) the defendant did not
> personally cause substantial financial hardship; (7) the defendant
> did not possess, receive, purchase, transport, transfer, sell, or
> otherwise dispose of a firearm or other dangerous weapon (or
> induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1
> (Offenses Involving Individual Rights); (9) the defendant did not
> receive an adjustment under § 3A1.1 (Hate Crime Motivation or
> Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1
> (Aggravating Role) and was not engaged in a continuing criminal
> enterprise, as defined in 21 U.S.C. § 848; decrease the offense level
> determined under Chapters Two and Three by 2 levels.

U.S.S.G § 4C1.1.

Blom fails to meet the criteria for zero-point offenders for two reasons.

First, he had 1 criminal history point from his prior conviction for driving

under the influence. Docket 65 at 19-20. Second, his offense resulted in

3

substantial financial hardship to five or more victims. *Id.* at 17. Thus, the amendment to U.S.S.G § 4C1.1 does not apply to his case.

### III.    Request for Appointment of Counsel

Blom moved for appointment of counsel. Docket 84. Under the court's Amended Standing Order 19-01, the Federal Public Defender's Office was appointed to represent Blom. After a review of his motion, the Federal Public Defender's Office filed a notice of intent not to file a supplement to Blom's motion. Thus, Blom's request for appointment of counsel is denied as moot.

### CONCLUSION

It is ORDERED that Blom's motion (Docket 84) is DENIED. It is further ORDERED that Blom's motion for appointment of counsel is denied as moot.

Dated April 1, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

4